# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 11-2018, 11-2026

IN RE:

USA BABY, INC.,

*Debtor.*

APPEALS OF:

SCOTT WALLIS.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 09 C 3203, 3206—**Joan Humphrey Lefkow**, *Judge*.

SUBMITTED MARCH 7, 2012—DECIDED MARCH 28, 2012

Before POSNER, WOOD, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. Creditors forced USA Baby, which had been formed in 2003 to franchise stores that sell furniture and other products for children, into bankruptcy under Chapter 11 (reorganization). A trustee appointed by the bankruptcy court moved to convert the case to a Chapter 7 bankruptcy (liquidation). The bankruptcy judge granted his motion over the objection of Scott Wallis, a 5 percent shareholder who had been

the company's president when the trustee was appointed and took over the debtor's management. Wallis moved for reconsideration of the bankruptcy judge's order, accusing the trustee and franchisees of committing fraud; and in a second motion, contending that the company could regain solvency by collecting fees withheld by the franchisees, Wallis asked the bankruptcy court to grant "equitable relief" compelling the franchisees to pay USA Baby what he claimed they owed it. The bankruptcy judge denied both motions. He explained that Wallis had not offered a persuasive reason to doubt the trustee's judgment that reorganization was infeasible, and that in a Chapter 7 case Wallis could not bring claims on behalf of USA Baby or litigate personal claims against the franchisees. Wallis appealed to the district court and having lost there appeals to us.

Although the bankruptcy case has not been closed, we have jurisdiction over his appeals. Section 158(d)(1) of the Judicial Code empowers the courts of appeals to hear appeals "from all final decisions, judgments, orders, and decrees" of a district court under sections 158(a) and (b). The test for finality under section 158(d) is whether the challenged decision resolved a claim "that would be final as a stand-alone suit outside of bankruptcy." *In re Comdisco, Inc.*, 538 F.3d 647, 651 (7th Cir. 2008); see also *In re ASARCO, LLC*, 650 F.3d 593, 599-600 (5th Cir. 2011). The first of the challenged rulings by the bankruptcy court, rejecting Wallis's motion to rescind the conversion from Chapter 11 to Chapter 7, was final in the practical sense that a Chapter 7 proceeding results in liquidation, depriving the debtor of the chance

he would have in a Chapter 11 proceeding to reorganize and continue as a going concern. *In re Koerner*, 800 F.2d 1358, 1360-61 (5th Cir. 1986); see *In re Rosson*, 545 F.3d 764, 769-70 and n. 7 (9th Cir. 2008); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3926.2, p. 299 n. 43 (2d ed. 1996*)*. The denial of the mandatory injunction that Wallis sought is also appealable. In effect he seeks damages for breach of contract by the franchisees and for breach of trust by the trustee—claims that, outside bankruptcy, would be independent actions against the franchisees and the trustee.

On the merits, Wallis does not engage with the bankruptcy judge's reasons for rejecting his claims, but instead argues that because the claims of the largest creditors were based on contracts that were subject to arbitration, they were outside the purview of the bankruptcy court and so that court lost jurisdiction over USA Baby. We cannot imagine why arbitration would destroy bankruptcy jurisdiction any more than lifting the automatic stay to permit the debtor to sue or be sued would. See, e.g., *In re National Energy & Gas Transmission, Inc.*, 492 F.3d 297, 299 and n. 2 (4th Cir. 2007); *In re Electric Machinery Enterprises, Inc.*, 479 F.3d 791, 796-97 (11th Cir. 2007). Anyway there was nothing to arbitrate, because no one disputed the amounts that USA Baby owed.

And nothing in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), which Wallis cites repeatedly, affects our analysis. The Supreme Court held in that case that bankruptcy judges

may not enter final judgments on common law claims that are independent of federal bankruptcy law; we cannot fathom what bearing that principle might have on the present case.

Wallis has filed eight appeals to the district court and five appeals to this court, all arising from USA Baby's bankruptcy, all pro se and frivolous. Enough is enough. The next time he files a frivolous appeal he will be sanctioned.