NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2013[*]
Decided March 27, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2233

|  |  |
|---|---|
| IN RE:  USA BABY, INC.,<br>    Debtor. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| APPEAL OF:   SCOTT WALLIS | No. 11 C 2957 |
|  | Joan Humphrey Lefkow,<br>*Judge*. |

**O R D E R**

 Scott Wallis has appealed to this court repeatedly to challenge proceedings in the bankruptcy of USA Baby, of which he is the former president and a minority shareholder. *See, e.g., In re USA Baby, Inc.*, 674 F.3d 882 (7th Cir. 2012); *In re USA Baby, Inc.*, 424 F. App'x. 558 (7th Cir. 2011). Creditors forced the company into bankruptcy under Chapter 11, and

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

the bankruptcy court appointed Barry Chatz as trustee. In this appeal, Wallis asserts that the bankruptcy court erred in denying his motion for leave to sue Chatz on claims of negligence, breach of fiduciary duty, and racketeering related to his decision to convert the case to a Chapter 7 bankruptcy and forego pursuing certain claims for money allegedly due from USA Baby's franchisees.

Before we reach the merits, we must satisfy ourselves that we have appellate jurisdiction. *See Maddox v. Love*, 655 F.3d 709, 715 (7th Cir. 2011). Wallis appealed the bankruptcy court's denial of leave to the district court, and that court refused to hear Wallis's appeal. It reasoned that the bankruptcy court's order was interlocutory (the bankruptcy was still ongoing) and that Wallis had not sought leave for an interlocutory appeal to the district court in compliance with 28 U.S.C. § 158(a)(3) or Rule 8003 of the Federal Rules of Bankruptcy Procedure. Generally courts of appeals have jurisdiction over a bankruptcy appeal only "if both the bankruptcy court's order and the district court's order reviewing that original order are final decisions," *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008). So if the district court correctly dismissed Wallis's appeal as interlocutory, then we lack jurisdiction. *In re Celotex Corp.*, 700 F.3d 1262, 1265–66 (11th Cir. 2012); *In re Kassover*, 343 F.3d 91, 94–95 (2d Cir. 2003).

We conclude, however, that the bankruptcy court's order was final. Before suing a trustee in bankruptcy, one must first obtain leave of the court that appointed the trustee. *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998). Because the bankruptcy court denied Wallis's motion for leave to sue Chatz, Wallis was foreclosed from pursuing his claims against Chatz in another forum. With the proposed lawsuit against Chatz finished before it even began, the order was therefore final and appealable, and we may reach the merits even though the district court declined to do so. *See In re Bonham*, 229 F.3d 750, 763 (9th Cir. 2000); *see also In re McKinney*, 610 F.3d 399, 402 (7th Cir. 2010) (explaining that a bankruptcy court order is final if it "resolves a proceeding within a bankruptcy that would be a freestanding lawsuit if there were no bankruptcy").

The material facts underlying this appeal have been recounted in our previous decision, 424 F. App'x. at 559–63, so we review only those facts necessary to our disposition today. USA Baby owed approximately $2.6 million to its creditors, including nearly $1.2 million to Commerce Capital, LP, which had a security interest in almost all of USA Baby's assets. The company's personal property, trademarks, and franchise agreements did not cover its debts, but the business listed other assets worth over $10 million in the form of unpaid franchise fees and purported legal claims against franchisees. Chatz asked Commerce Capital, the primary secured creditor, to fund litigation pursuing these claims, but it declined and subsequently sought (and was granted) relief from the automatic stay in order to foreclose on its lien against USA Baby's personal property. Chatz sought to convert the bankruptcy proceeding to Chapter 7 after concluding that he could not obtain enough funding to continue in Chapter 11.

Wallis, in his self-defined capacity as an "interested party," voiced the sole opposition to both the relief from stay and the conversion to Chapter 7, as well as a number of other issues. He filed motions to disqualify the judge, for examination of Chatz as trustee under Federal Rule of Bankruptcy Procedure 2004, and to permit himself to stand in for Chatz in order to pursue USA Baby's claims against franchisees. In support of his motion to stand in for Chatz, Wallis relied on *Fogel v. Zell*, 221 F.3d 955, 965-66 (7th Cir. 2000), arguing that Chatz acted negligently, breached his fiduciary duties to the estate, and was not disinterested. The bankruptcy court denied his motion to replace Chatz, and we upheld the decision, concluding that there was no evidence "that Chatz failed to exercise sound business judgment in his decision not to pursue the claims Wallis envisions against the franchisees and others." *USA Baby*, 424 F. App'x at 563.

Wallis's motion for leave to sue Chatz, the subject of the current appeal, relies predominantly on the same arguments used to support his motion to stand in for Chatz. Having already rejected those arguments, we need not say much more about them, except for one. Wallis makes much of a supposed conflict of interest arising from Chatz's father—employed by the same law firm as his son, Arnstein & Lehr LLP—having represented a party adverse to USA Baby in an earlier proceeding. But Chatz disclosed this prior matter to the bankruptcy court in an affidavit upon his appointment as trustee. The party previously represented by Chatz's firm settled with USA Baby well before these bankruptcy proceedings began, and thus had no remaining interest. As to Chatz's alleged negligence and breach of fiduciary duties, Wallis offers no reason to disturb our previous conclusion that those arguments lack merit, nor do his bare assertions of a conspiracy with Commerce Capital find any support in the record. We therefore conclude that the district court did not abuse its discretion in denying Wallis's motion for leave to sue Chatz. *See Linton*, 136 F.3d at 546; *In re VistaCare Group, LLC*, 678 F.3d 218, 224 (3d Cir. 2012).

The only real issue in this frivolous appeal is sanctions. In Wallis's last appeal to this court, we warned him that "[t]he next time he files a frivolous appeal he will be sanctioned." *USA Baby*, 674 F.3d at 884. Had Wallis filed his current appeal after that warning, we would sanction him now, without pausing to give Wallis a chance to convince us that sanctions are improper. But because he filed this appeal nine months before we issued that warning (and despite filing his brief three months afterwards), we give Wallis 14 days to show cause why he should not be sanctioned.

We **DISMISS** the appeal and **ORDER** Wallis to show cause in 14 days why he should not be sanctioned.