NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided August 20, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3789

| | |
|---|---|
| SCOTT WALLIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 12 C 9024 |
| EXECUTIVE COMMITTEE OF THE | |
| UNITED STATES DISTRICT COURT | James F. Holderman, |
| FOR THE NORTHERN DISTRICT OF | *Judge*. |
| ILLINOIS, | |
| *Defendant-Appellee.* | |

**O R D E R**

Scott Wallis appeals from an order of the Executive Committee of the United States District Court for the Northern District of Illinois that enjoins him from filing new civil actions (other than criminal and habeas corpus matters) without the Committee's

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal has been submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

prior approval. Wallis had sued 165 named defendants in a 199-page complaint, one of several suits related to the bankruptcy of USA Baby, of which Wallis is the former president and minority shareholder. Many of the defendants in that suit joined in a motion asking the Executive Committee to bar Wallis from filing future frivolous or duplicative suits in the Northern District. The Committee issued its injunction under a separate civil case number, and this appeal followed.

In the original action, the district court dismissed Wallis's 199-page complaint for failure to state a claim, *see Wallis v. Levine*, No. 12 C 5285 (N.D. Ill. Jan. 2, 2013), and upon Wallis's appeal from that decision we entered our own order barring him from filing in any federal court in this circuit new papers in civil cases unless he pays a $10,000 fine, *see Wallis v. Levine*, No. 13-1594 (7th Cir. June 11, 2013). We consider this separate appeal because the Committee's injunction and Wallis's appeal from it preceded our own filing bar. Furthermore, it is conceivable that our filing bar may one day be lifted (if, for example, Wallis pays the $10,000 fine, *see In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007)), but the district court's injunction is a separate restriction that will remain in force unless we agree with Wallis that it must be vacated.

Wallis first argues that the injunction is void because it was obtained through fraud. In their motion to the Executive Committee, the defendants in the original suit asserted that Wallis had been sanctioned $8,000 for frivolous litigation. They cited a case from the Fifth Circuit that imposed an $8,000 sanction on "Scott Wallis," but our Wallis insists that he is not the "Scott Wallis" who was the appellant in that case. *See Wallis v. Comm'r of I.R.S.*, 203 F. App'x 591 (5th Cir. 2006). Even if Wallis is correct, however, the defendants' reference to the Fifth Circuit case does not invalidate the filing bar because the Executive Committee did not rely on it in imposing a sanction; the Fifth Circuit's ruling is not even cited in the Committee's decision. Instead, the Committee listed 14 civil suits that Wallis had filed in the Northern District of Illinois over the preceding 5 years. Most of those suits had been dismissed as frivolous. The Committee's reliance on a pattern of frivolous litigation within its own district provides ample support for its decision and tracks our own warning to Wallis from seven months earlier that we would sanction him if he filed another frivolous appeal because he had already filed 13 frivolous actions in federal court. *See In re USA Baby, Inc.*, 674 F.3d 882, 884 (7th Cir. 2012) ("Enough is enough.").

Wallis also argues that the injunction violated his right to due process because it was issued without notice or an opportunity for him to be heard. Federal courts may not impose filing injunctions without giving litigants notice and a chance to respond. *See, e.g., Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004) (collecting cases). But Wallis had ample

opportunity to respond after the defendants asked the Executive Committee to impose a filing injunction. In fact, he submitted a 69-page response—in keeping with his other voluminous filings—in which he argued, among other things, that he was not the litigant who had been fined $8,000 by the Fifth Circuit and that he should not be subject to a filing bar. Accordingly, the Committee's injunction, entered after it considered Wallis's objections, did not violate his right to due process. Moreover, the injunction is the same in substance as previous injunctions we have upheld against vexatious litigants as reasonable restrictions that do not violate the right of access to the federal courts. *See In re Chapman*, 328 F.3d 903, 904–06 (7th Cir. 2003); *In re Davis*, 878 F.2d 211, 211–13 (7th Cir. 1989); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 367, 370 (7th Cir. 1983).

We have considered Wallis's other arguments, and they do not merit discussion.

**AFFIRMED**.