**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                    )    BAP No.   CC-14-1035-KuDaKi
                                          )
VICTOR ORLANDO RIVERA,                    )    Bk. No.   13-14646-VZ
                                          )
                    Debtor.               )
_____        )
                                          )
VICTOR ORLANDO RIVERA,                    )
                                          )
                    Appellant,            )
                                          )    **MEMORANDUM**[*]
v.                                        )
                                          )
NANCY K. CURRY, Chapter 13                )
Trustee,                                  )
                                          )
                    Appellee.             )
_____        )

Submitted Without Oral Argument
on September 18, 2014

Filed – September 29, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent Zurzolo, Bankruptcy Judge, Presiding

_____

Appearances:   Victor Orlando Rivera, pro se, on brief.

_____

Before: KURTZ, DAVIS[**] and KIRSCHER, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]The Honorable Laurel E. Davis, Bankruptcy Judge for the District of Nevada, sitting by designation.

1

**INTRODUCTION**

Debtor Victor Orlando Rivera appeals from an order dismissing his chapter 13[1] bankruptcy case. At the time the bankruptcy court orally ruled that the case should be dismissed, the bankruptcy court had nothing before it from Rivera opposing the case dismissal. Nor did Rivera appear at the hearing during which the court made its case dismissal ruling. But within a few hours of the court's oral dismissal ruling, Rivera filed a notice pursuant to § 1307(a) converting his case from chapter 13 to chapter 7.

When the bankruptcy court entered its case dismissal order several days later, as a matter of law, the case it dismissed no longer was a chapter 13 case as a result of Rivera's conversion notice. Because the grounds for dismissal all related to the case's former status as a chapter 13 case, and because the dismissal order did not take into account the conversion of the case to chapter 7, the dismissal order may have been erroneous. Nonetheless, Rivera should have done something to bring the conversion to the attention of the bankruptcy court. Instead, Rivera ignored the bankruptcy court proceedings and chose to oppose the dismissal for the first time by filing a notice of appeal.

Because Rivera did not raise any objection to dismissal in the bankruptcy court or take any action to bring the conversion

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

to the court's attention, we will DISMISS this appeal. However, our dismissal of this appeal is without prejudice to any motion that Rivera might file in the bankruptcy court under Rule 9024 seeking relief from the bankruptcy court's case dismissal based on the conversion of the case from chapter 13 to chapter 7.

**FACTS**

Rivera filed his chapter 13 bankruptcy case in February 2013.[2] In August 2013, the chapter 13 trustee filed an objection to Rivera's proposed chapter 13 plan. The trustee's objection warned Rivera that, if he failed to adequately address the issues raised in the objection, his chapter 13 case might be dismissed or converted. The objection raised a number of serious issues. For instance, under § 109(e), Rivera appeared ineligible to be a debtor in a chapter 13 case because his secured debt appeared to exceed the debt limit set forth in the statute. Moreover, according to the trustee, Rivera was in default on his plan payments, had not disclosed a prior bankruptcy filing, had not disclosed all of his debts, had not moved forward with the plan confirmation process, and had not proposed a feasible plan. The trustee noticed the matter for hearing in January 2014.

During the next four months, Rivera did nothing to respond to the issues raised in the trustee's plan objection. Nor did he appear at the hearing on the objection held on January 13, 2014.

_____

[2]The facts recited in this decision are based on the papers filed in Rivera's bankruptcy case. We can and do take judicial notice of these papers. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989) (holding that the Panel can take judicial notice of contents of the bankruptcy court record).

3

At the hearing, based on the trustee's objection and Rivera's failure to respond or appear, the bankruptcy court ruled that the case would be dismissed.

Later that same day, Rivera filed in the bankruptcy court a notice pursuant to § 1307(a) converting his case from chapter 13 to chapter 7. But Rivera did nothing to bring the conversion to the court's attention. Apparently unaware of the conversion, the bankruptcy court a few days later entered an order dismissing the case in accordance with its January 13, 2014 oral ruling.

When Rivera learned of the dismissal order, he could have filed a motion pursuant to Rule 9024 seeking relief from the dismissal order based on the conversion of the case, but he instead opted to file a notice of appeal. Rivera thereby completely bypassed the proceedings in the bankruptcy court that led to the dismissal of his chapter 13 bankruptcy case.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (L), and we have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Should the Panel consider Rivera's appeal even though Rivera did not participate in the proceedings leading up to the dismissal of his bankruptcy case and even though he did not ask the bankruptcy court for relief from the dismissal order after it was entered?

**STANDARD OF REVIEW**

We ordinarily review the dismissal of a chapter 13 bankruptcy case for an abuse of discretion. See Ellsworth v.

4

<u>Lifescape Med. Assocs., P.C. (In re Ellsworth)</u>, 455 B.R. 904, 914 (9th Cir. BAP 2011).

When we are confronted with questions regarding the appellant's failure to participate in the proceedings below and failure to present matters to the bankruptcy court in the first instance, we consider those questions de novo. <u>See, e.g.</u>, <u>Consorzio Del Prosciutto di Parma v. Domain Name Clearing Co., LLC</u>, 346 F.3d 1193, 1195 (9th Cir. 2003); <u>Kirschner v. Uniden Corp. of Am.</u>, 842 F.2d 1074, 1077–78 (9th Cir. 1988).

## DISCUSSION

To voluntarily convert a case from chapter 13 to chapter 7, a debtor only needs to file a notice of conversion. <u>Nady v. DeFrantz (In re DeFrantz)</u>, 454 B.R. 108, 114 (9th Cir. BAP 2011) (citing § 1307(a) and Rule 1017(f)(3)). The debtor's right to convert a pending chapter 13 case to chapter 7 by filing a notice of conversion is considered absolute. <u>Id.</u> at 113-14; <u>see also</u> Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY § 311.1, at ¶¶ [1], [4] (4th Ed. June 17, 2004). Furthermore, the conversion is automatic and immediately effective upon the filing of the conversion notice. <u>Id.</u>; <u>see also</u> Advisory Committee Notes Accompanying 1987 Amendments to Rule 1017 ("Conversion of a chapter 13 case to a chapter 7 case as authorized by § 1307(a) is accomplished by the filing of a notice of conversion. . . . Conversion occurs on the filing of the notice. No court order is required."). The pendency of a motion to dismiss under § 1307(c) does not make a notice of conversion any less effective. <u>See</u> <u>In re DeFrantz</u>, 454 B.R. at 114.

Of course, if the chapter 13 case already has been

5

dismissed, there is no case to convert to chapter 7.  See In re Garcia, 434 B.R. 638, 643-44 (Bankr. D. N.M. 2010).  In other words, as soon as the dismissal order is entered, the debtor no longer can invoke his or her right to convert under § 1307(a).  Id.

Here, at the time Rivera filed his conversion notice, the bankruptcy court had not yet entered its dismissal order.  While the bankruptcy court already had orally ruled that the case would be dismissed, the court's ruling was not final and effective until the entry of its dismissal order.  Rule 9021; see also Tsafaroff v. Taylor (In re Taylor), 884 F.2d 478, 481 n.4 (9th Cir. 1989).  Accordingly, when Rivera filed his conversion notice, the notice automatically and immediately converted his case from chapter 13 to chapter 7.  In turn, when the bankruptcy court entered its case dismissal order a few days later, the court dismissed Rivera's chapter 7 case based on problems that arose in Rivera's chapter 13 case – problems that were mostly irrelevant post conversion.

Even so, even if we assume that the bankruptcy court erred when it dismissed Rivera's chapter 7 case based on pre-conversion problems, an erroneous ruling by the bankruptcy court does not mean that the ruling automatically was void or invalid.  See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270-71 (2010).  Rather, it was incumbent upon Rivera to seek appropriate relief from the erroneous dismissal order.  See generally id. at 275.

At the time the bankruptcy court orally ruled that the case would be dismissed, Rivera had not yet filed his conversion

6

notice. Nor had Rivera filed a response to the trustee's plan objection, appeared at the plan objection hearing or taken any other overt action before the hearing to address the issues raised in the trustee's plan objection. On this record, at a minimum, Rivera should have filed a motion under Civil Rule 60(b) (made applicable in bankruptcy cases by Rule 9024) asking the bankruptcy court for relief from its dismissal ruling in light of the conversion of the case to chapter 7.

When, as here, the appellant did not participate in the proceedings leading up to the adverse decision, the appellate court ordinarily will not entertain an appeal from that decision unless the appellant availed himself or herself of the opportunity to seek relief under Civil Rule 60(b). See Consorzio Del Prosciutto di Parma, 346 F.3d at 1195 (citing Rohauer v. Friedman, 306 F.2d 933, 937 (9th Cir. 1962)); Investors Thrift v. Lam (In re Lam), 192 F.3d 1309, 1311 (9th Cir. 1999).

This refusal to entertain such appeals is consistent with a number of Ninth Circuit decisions holding that appellate courts ordinarily will not consider on appeal issues and facts not presented to the trial court in the first instance. See, e.g., Smith v. U.S. Customs & Border Prot., 741 F.3d 1016, 1020 n.2 (9th Cir. 2014); Padgett v. Wright, 587 F.3d 983, 985 n.2 (9th Cir. 2009); Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 512 n.5 (9th Cir. 2001).

In short, having not participated in the proceedings leading up to the dismissal of his case and having filed the conversion notice after the court orally ruled that the case would be

7

dismissed, Rivera should have filed a motion under Civil Rule 60(b) seeking relief from the dismissal order and should have raised therein the issue of his conversion notice.

Even pro se litigants, like Rivera, cannot completely bypass the bankruptcy court and hope to prevail on appeal from a bankruptcy court order. In the Ninth Circuit, pro se litigants must comply with controlling procedural rules. See Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 83 (9th Cir. BAP 2011); see also Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules."). Civil Rule 60(b) afforded Rivera with a simple means of challenging the bankruptcy court's dismissal and raising the issue regarding his conversion notice. His failure to do so is fatal to this appeal.

## CONCLUSION

For the reasons set forth above, this appeal shall be DISMISSED. We express no opinion regarding how the bankruptcy court should address any motion that Rivera might file in the future seeking relief under Rule 9024 from the bankruptcy court's case dismissal order.