FILED



JUL 8 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ARTEM KOSHKALDA,<br><div style="text-align:right">Debtor.</div> | BAP No. NC-20-1035-GBS<br><br>Bk. No. 3:18-bk-30016-HLB |
| ARTEM KOSHKALDA,<br><div style="text-align:center">Appellant,</div><br>v.<br>E. LYNN SCHOENMANN, Chapter 7<br>Trustee; SEIKO EPSON CORPORATION;<br>EPSON AMERICA, INC.,<br><div style="text-align:center">Appellees.</div> | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Artem Koshkalda ("Debtor") appeals from an

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

(continued...)

order denying his motion for leave to sue the chapter 7 trustee, E. Lynn Schoenmann (the "Trustee") and her counsel, Fox Rothschild LLP ("Fox"), in another forum.[2] Debtor sought leave to sue the Trustee for breach of fiduciary duty based on allegations that the Trustee retained non-disinterested counsel, and with the assistance of Fox, administered the estate in a manner which resulted in harm to the Debtor.

The bankruptcy court ruled that Debtor failed to allege a prima facie case as required by *Kashani v. Fulton (In re Kashani),* 190 B.R. 875 (9th Cir. BAP 1995) because it had previously ruled that Fox was disinterested and the other allegations against the Trustee were for actions taken pursuant to court orders. The bankruptcy court had discretion to deny the motion even if Debtor alleged a prima facie case. Debtor has not demonstrated how denial of the motion was an abuse of discretion, and the *Kashani* factors support the bankruptcy court's ruling. We AFFIRM.

---

[1](...continued)
Civil Procedure.

[2] The order also denied Debtor's motion to remove the Trustee pursuant to § 324(a). Debtor does not argue that the court erred in denying his motion to remove the Trustee, and therefore, he has waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). Additionally, that portion of the order is not final and we lack jurisdiction to review it. *SS Farms LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012).

## A.     Prepetition Events

In September 2016, Seiko Epson Corporation and Epson America, Inc. (together "Seiko Epson") sued Debtor and several other individuals and entities for trademark infringement, trademark counterfeiting, and related claims in the Nevada District Court (the "Infringement Action"). The district court entered orders permitting Seiko Epson to seize finished goods, components, and instrumentalities which allegedly infringed on Seiko Epson's trademarks.

Debtor violated various court orders, failed to appear in court, and failed to produce discovery. Ultimately, the district court struck Debtor's answer and entered a default judgment against him in the amount of $12 million. Debtor appealed the judgment to the Ninth Circuit.

## B.     The Bankruptcy Case

Prior to entry of the default judgment in the Infringement Action, Debtor filed a chapter 11 petition. Seiko Epson moved to dismiss the bankruptcy case as a bad faith filing and also moved for stay relief to prosecute the Infringement Action, enforce the judgment, and to permit Debtor to prosecute his appeal.

---

[3] We exercise our discretion to review the bankruptcy court's docket and relevant adversary proceedings. *See Rivera v. Curry (In re Rivera)*, 517 B.R. 140, 143 n.2 (9th Cir. BAP 2014), *aff'd in part & dismissed in part*, 675 F. App'x 781 (9th Cir. 2017).

In March 2018, the bankruptcy court converted the case to chapter 7, and the Trustee was appointed. The Trustee filed an application to employ Fox, and disclosed that Fox concurrently represented Seiko Epson in unrelated matters. The bankruptcy court determined that Fox did not represent any interest adverse to the estate and was a disinterested person within the meaning of the Bankruptcy Code.

In May 2018, the Trustee and Seiko Epson filed a stipulation for stay relief and annulment to validate the default judgment in the Infringement Action, and to permit the Trustee to liquidate certain property seized pursuant to district court orders. Debtor opposed the stipulation and filed a motion to compel abandonment of the appeal and litigation rights in the Infringement Action as well as other claims against Seiko Epson. While the motion was pending, Debtor filed suit against Seiko Epson in the Central District of California for wrongful seizure (the "Wrongful Seizure Action").

In July 2018, the bankruptcy court granted stay relief retroactively to the petition date. The bankruptcy court also partially granted Debtor's motion to compel abandonment to permit Debtor to pursue his appeal in the Infringement Action. The court denied abandonment of the Wrongful Seizure Action, and stated that because Debtor did not possess the authority to commence the action, the Trustee was specifically authorized

to dismiss it.[4] The default judgment in the Infringement Action was subsequently affirmed by the Ninth Circuit in December 2019.

In May 2018, Seiko Epson filed an adversary complaint seeking a denial of discharge under § 727 and nondischargeability of its claim under § 523. The Trustee also filed an adversary complaint seeking a denial of discharge under § 727. Because of the overlap of claims, the bankruptcy court stayed the Trustee's adversary proceeding pending a final judgment in the Seiko Epson proceeding. In September 2019, the bankruptcy court granted Seiko Epson's motion for summary judgment and entered an order denying Debtor's discharge under §§ 727(a)(2)(a), (a)(3), and (a)(7).

## C.      Debtor's Motions To Disqualify

In October 2019, Debtor filed a motion to disqualify Fox and sought disgorgement of its fees. Debtor argued that Fox was not disinterested and held an adverse interest based on its concurrent representation of Seiko Epson in unrelated matters. The bankruptcy court denied the motion and stated that Fox's representation of Seiko Epson was fully disclosed nearly two years before Debtor's motion to disqualify. Debtor had notice and an opportunity to object at that time. The court reiterated its prior ruling that Fox's relationship with Seiko Epson did not give rise to an actual conflict

---

[4] The bankruptcy court subsequently granted Debtor's renewed motion to compel abandonment of the Wrongful Seizure Action after the Trustee dismissed the case with prejudice.

and that Fox was disinterested. Debtor filed a motion for reconsideration, which the court denied. Debtor then filed a petition for writ of mandamus, which the Ninth Circuit denied.

In December 2019, Debtor filed a motion asking the court to vacate its order approving the employment of Fox as void under Civil Rule 60(b)(4), made applicable by Rule 9024. Debtor argued that the original order was void because it was entered without notice or due process. The bankruptcy court denied the motion because although Rule 2014 does not require the Trustee to serve the Debtor with a motion to employ counsel, the Trustee did serve all creditors and the Debtor, and no objections were filed.

## D.    The Motion For Leave and the Court's Ruling

In December 2019, Debtor filed a motion for leave to sue the Trustee and Fox in an alternate forum. Debtor argued that leave was appropriate because the Trustee breached her fiduciary duty while administering the estate. Debtor supported the motion with a declaration and a draft of a proposed complaint which outlined the causes of action Debtor sought to pursue against the Trustee and Fox. The draft complaint alleged that the Trustee breached her fiduciary duty by: (1) hiring Fox; (2) failing to supervise the estate's accountants; (3) allowing dismissal of the Wrongful Seizure Action with prejudice; (4) allowing the default judgment in the Infringement Action; and (5) assisting Seiko Epson in its adversary proceeding.

6

The bankruptcy court denied the motion and ruled that Debtor failed to make out a prima facie case as required by *Kashani*. The court stated that it had previously rejected Debtor's arguments concerning Fox's disinterestedness, the sufficiency of the accountants' work, and the dismissal of the Wrongful Seizure Action. The bankruptcy court also stated that the stay relief order which validated the default judgment in the Infringement Action was made by the bankruptcy court, not the Trustee, and any allegations of wrongdoing against the Trustee in that action were mooted by the Ninth Circuit's affirmance of the judgment. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C.§§ 1334 and 157(b). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by denying Debtor's request for leave to sue the Trustee and her counsel in an alternate forum?

## STANDARD OF REVIEW

We review an order granting or denying leave to sue the trustee for an abuse of discretion. *In re Kashani*, 190 B.R. at 881. A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the

7

facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

### A.     Scope of Appeal

As an initial matter, we must determine whether the order denying Debtor's motion is final such that we have jurisdiction over this appeal. The Trustee argues that the order is interlocutory.

An order is final if it "resolves and seriously affects substantive rights" and "finally determines the discrete issue to which it is addressed." *Dye v. Brown (In re AFI Holdings, Inc.)*, 530 F.3d 832, 836 (9th Cir. 2008) (citations omitted). An interlocutory order is one which only decides an intervening matter and does not finally determine a cause of action. *In re Kashani*, 190 B.R. at 882.

In *Kashani* we determined that the order denying leave to sue the trustee was interlocutory, but that order created a specific period of time for the debtors to refile the motion, along with a proposed complaint. *Id.* The order here does not contemplate any further action by the Debtor. It finally determined Debtor's request for leave to sue the Trustee and her counsel in another forum and is therefore a final, appealable order. *See In re USA Baby Inc.*, 520 F. App'x 446, 447 (7th Cir. 2013).

8

**B.     The Bankruptcy Court Did Not Abuse Its Discretion By Denying Leave To Sue The Trustee And Her Counsel In An Alternate Forum**

A bankruptcy trustee is an officer of the appointing court and is entitled to a form of derivative judicial immunity for actions within the scope of her official duties. *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989); *In re Kashani*, 190 B.R. at 883. However, a trustee may be liable for intentional or negligent actions which violate the trustee's legal duties. *Bennett*, 892 F.2d at 823. Before a party can file suit against a bankruptcy trustee in an alternate forum, it must first obtain leave from the bankruptcy court. *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005).

A party seeking leave from the bankruptcy court must set forth a prima facie case against the trustee. *In re Kashani*, 190 B.R. at 885. The purpose of the prima facie requirement is to allow the bankruptcy court to determine the nature of the claims and make its independent determination of whether to grant leave. *Id.* The court can also "determine whether the claims have been previously decided on the merits and should not be pursued by the movants or proposed plaintiffs on the basis of res judicata or collateral estoppel." *Id.* at 887. The bankruptcy court's analysis should include a balancing of the interests of all parties involved. *Id* at 886. Even if the party seeking leave has set forth a prima facie case, the bankruptcy court has discretion to deny leave and retain jurisdiction of the

9

claims. *Id.* at 887.

The bankruptcy court's analysis should include consideration of the following factors: (1) whether 28 U.S.C. § 959(a) is applicable; (2) whether the claims pertain to the trustee's actions while administering the estate; (3) whether the claims involve the trustee acting within the scope of her authority under the Bankruptcy Code or orders of the court; (4) whether the prospective plaintiff seeks a judgment against the trustee personally; and (5) whether the claims involve negligent or intentional breaches of fiduciary duty. *Id.* at 886-87. One or more of these factors may provide a basis for the bankruptcy court to retain jurisdiction. *Id.* at 887. Therefore, the bankruptcy court abused its discretion only if none of the *Kashani* factors provide a basis to retain jurisdiction.

Although the bankruptcy court denied leave based on Debtor's failure to show a prima facie case, it also addressed the validity of the underlying claims and determined that the factual bases for the claims had either been previously decided or involved actions taken pursuant to court orders. Debtor argues that the bankruptcy court should not have considered the merits of his claims and should have limited its analysis to whether the allegations stated a claim for relief. He argues that the bankruptcy court did not previously decide whether the Trustee breached her fiduciary duty or whether Debtor was damaged.

The bankruptcy court properly evaluated Debtor's factual allegations

10

in determining whether to grant leave. Debtor has not shown that the court abused its discretion by denying the motion, and the *Kashani* factors provide ample support for the bankruptcy court's decision to retain jurisdiction.

Debtor acknowledged that the claims involved the Trustee's actions while administering the estate. Thus, the first two *Kashani* factors support the court's decision to retain jurisdiction. *In re Crown Vantage, Inc.*, 421 F.3d at 972 (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1254 (11th Cir. 2000)) ("Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate.").

The third *Kashani* factor also favors retaining jurisdiction because virtually all of the allegations of wrongdoing involve the Trustee's actions taken pursuant to bankruptcy court orders. The Trustee retained Fox pursuant to the bankruptcy court's order authorizing employment under § 327. Similarly, the default judgment in the Infringement Action was validated by the bankruptcy court's order annulling the stay. It was not "allowed" by the Trustee.

Although Debtor sought to sue the Trustee personally for negligent or intentional breaches of fiduciary duty, the allegations against the Trustee and Fox involve actions taken in administering the estate pursuant to court orders or under the authority of the Bankruptcy Code.

Additionally, many of the underlying issues were previously

11

determined by the bankruptcy court. The bankruptcy court repeatedly determined that Fox was disinterested and did not hold or represent an adverse interest. By retaining jurisdiction, the bankruptcy court avoided the possibility of inconsistent rulings, especially given that Debtor has appealed those prior rulings.[5] The bankruptcy court did not abuse its discretion by denying leave to sue the Trustee in another forum.

## C.  Appellees' Additional Arguments

The Trustee and Seiko Epson urge us to find that Debtor lacked standing to bring a breach of fiduciary duty claim against the Trustee because the asserted damages were "general and common" to the estate and not "peculiar and personal" to Debtor under the holding of *Stoll v. Quintanar (In re Stoll)*, 252 B.R. 492, 496 (9th Cir. BAP 2000). However, because the bankruptcy court properly retained jurisdiction of the proposed claims, we do not reach the question of Debtor's standing to bring the underlying claims. The bankruptcy court will be able to determine the issue of Debtor's standing and any other defenses at the appropriate time.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's

---

[5] Debtor appealed several orders related to Fox's employment. *See* BAP Case Nos. 19-1288, 19-1335, and 20-1008. These appeals were dismissed as interlocutory, but Debtor retains the ability to appeal when the orders become final.

12

order denying Debtor's motion for leave to sue the Trustee and Fox in an alternate forum.