

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: VICTOR ORLANDO RIVERA, | No. 14-60070 |
| Debtor, | BAP No. 14-1035 |
| ———————————————— | |
| VICTOR ORLANDO RIVERA, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| NANCY K. CURRY, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Davis, Bankruptcy Judges, Presiding

Submitted January 18, 2017 [**]

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Victor Orlando Rivera appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment dismissing his appeal from a bankruptcy court order dismissing his bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We independently review the bankruptcy court's decision without deference to the BAP. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). We affirm in part and dismiss in part.

Rivera contends the bankruptcy court erred in dismissing his Chapter 13 bankruptcy petition because Rivera had converted his petition to Chapter 7 prior to the bankruptcy court entering its dismissal order. Like the BAP, we do not consider this argument in the first instance. *See Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) ("Ordinarily, an appellate court will not hear an issue raised for the first time on appeal."); *Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co., LLC*, 346 F.3d 1193, 1195 (9th Cir. 2003) ("An appeal to this court cannot be used as a substitute [for seeking relief under Rule 60(b)]" (citation and internal quotation marks omitted)).

Because the record reflects that Rivera failed to appeal timely from the bankruptcy court's orders denying his motions to review his notice to convert his petition to one under chapter 7, we lack jurisdiction as to those orders. *See Bank of the West v. Wiersma (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007) ("[T]he

2

failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." (citation and internal quotation marks omitted)).

**AFFIRMED in part, DISMISSED in part.**