**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Nos.  CC-18-1052-STaL |
| | CC-18-1058-STaL |
| CHRISTOPHER JAMES BOYCE, | (Consolidated) |
| Debtor. | Bk. No. 8:14-bk-11571-CB |
| CHRISTOPHER JAMES BOYCE, | Adv. No. 8:14-ap-01134-CB |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| LISA HAMILTON, | |
| Appellee. | |

Argued and Submitted on November 29, 2018
at Pasadena, California

Filed – December 12, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Honorable  Catherine E. Bauer, Bankruptcy Judge, Presiding

———

Appearances:      Fritz J. Firman argued for appellant; Jonathan David
                  Alvanos of Tressler LLP argued for appellee.

———

Before: SPRAKER, TAYLOR, and LAFFERTY, Bankruptcy Judges.

**INTRODUCTION**

Chapter 7[1] debtor Christopher James Boyce appeals for the second time from the bankruptcy court's summary judgment in favor of judgment creditor Lisa Hamilton on her § 523(a)(2)(A) claim for relief. In 2016, we reversed the bankruptcy court's prior summary judgment ruling, which gave preclusive effect to a prepetition stipulated judgment in which Boyce admitted to defrauding Hamilton.

In our 2016 decision, we upheld the bankruptcy court's determination that the stipulated judgment met the threshold elements for issue preclusion. Even so, we held that the bankruptcy court abused its discretion by not considering whether the stipulated judgment should be given preclusive effect in light of Boyce's allegations of fraud and coercion

———

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

in entering into the stipulated judgment. Notwithstanding these allegations, the bankruptcy court had concluded that preclusion was appropriate based in large part upon the state court's denial of Boyce's postpetition motion to rescind the stipulated judgement. We ruled that both the rescission motion and the state court's order denying it violated the automatic stay and hence were void. Consequently, we remanded for further consideration of whether issue preclusion was appropriate in light of Boyce's allegations of fraud and coercion.

On remand, the bankruptcy court retroactively validated the state court's denial of Boyce's rescission motion by annulling the automatic stay. Once again relying on the state court's order denying the motion to rescind, the bankruptcy court found that fairness and public policy supported the application of issue preclusion and that Boyce should be barred from relitigating the fraud underlying his debt to Hamilton. The bankruptcy court again entered summary judgment on Hamilton's § 523(a)(2)(A) claim. Boyce again appealed.

The bankruptcy court duly considered on remand the fairness and policy considerations surrounding the application of issue preclusion to the stipulated judgment. The bankruptcy court's analysis was logical, plausible and supported by the record. Accordingly, we AFFIRM.

## FACTS

### A. Hamilton Invests In Kastel, Inc.

Hamilton and Boyce are former spouses. In November and December 2010, before the dissolution of their marriage but while separated, they entered into joint venture agreements pursuant to which Hamilton invested funds in Kastel, Inc., a company owned and controlled by Boyce. She invested $2,000,000 in November 2010 and invested another $1,125,000 in December 2010. In accordance with the joint venture agreements, the funds she invested were supposed to be used for currency trading. Without Hamilton's knowledge, in January 2011, Boyce took $727,539 of the invested funds and lent them to BIN International Investment, another company he owned.

Boyce eventually returned $1,397,461.31 of Hamilton's investment. Of the $1,727,538.69 in unreturned funds, Hamilton conceded that $1,000,000 was lost as a result of Kastel's currency trading activities, leaving $727,539 in unexplained losses.

### B. The State Court Lawsuit.

Hamilton sued Boyce, Kastel and BIN International in the Orange County Superior Court to recover the $727,539 in April 2012. Hamilton alleged causes of action for money had and received, conversion, and fraud. Shortly after the filing of the state court complaint, Boyce contacted Hamilton's counsel seeking to resolve the dispute. Without the assistance

4

of counsel, Boyce negotiated with Hamilton's counsel over the terms of a stipulated judgment. During May 2012, they worked on two or more drafts of the stipulated judgment. Boyce's comments on the draft stipulation indicated that he understood that a judgment for fraud could be excepted from discharge if he subsequently filed a bankruptcy case. Boyce asked if there were any acceptable alternatives to a judgment for fraud and conversion because he was concerned that the stipulated judgment as drafted could negatively affect his ability to obtain future business financing. Hamilton's counsel replied and nonetheless insisted that the stipulated judgment explicitly grant relief for both fraud and conversion. She took the position that both grounds for relief were necessary "to explain what causes of action are being stipulated to."

In one of the drafts, Hamilton's counsel revised a representation concerning legal advice. The draft was changed to read: "Each party to this Stipulated Judgment is aware of his or her right to consult with independent legal counsel. Defendant, Chris Boyce, warrants that he has knowingly and voluntarily waived his right to seek independent legal counsel." Hamilton's counsel asked Boyce if the change was acceptable. The final version of the stipulated judgment, executed by both parties, included the revised representation that Boyce "knowingly and voluntarily waived his right to seek independent counsel."

As part of the stipulated judgment, Boyce admitted:

5

that on or about January 26, 2011, secured by a certain Non-Negotiable Promissory Note Secured by Security Agreement dated May 09, 2011 for the amount $727,539.00 (the "BIN International Investment"), he intentionally and without Hamilton's knowledge or consent converted $727,538.69 of Hamilton's Unreturned Funds designated for currency trading and invested said amount in Defendant BIN International ("BIN") without Hamilton's authorization. Defendant, Chris Boyce, admits and acknowledges that his intentional misrepresentations to Hamilton and conversion of Plaintiff's funds resulted in a loss to Plaintiff in the amount of $727,538.69, which Defendants admit they are obligated to repay to Hamilton.

Stipulated Judgment (Aug. 27, 2012) at 3:9-18. The stipulated judgment further stated that all three defendants were liable for the lost investment funds, plus $2,500 in fees and costs, "as and for Hamilton's fraud and conversion causes of action."

On or about August 27, 2012, the state court approved the stipulated judgment without a hearing and entered judgment against Boyce, Kastel, and BIN International in the amount of $730,038.69.

## C.   Boyce Files For Bankruptcy.

On March 13, 2014, Boyce commenced his bankruptcy case by filing a voluntary chapter 7 petition. In May 2014, Hamilton filed a complaint objecting to Boyce's discharge under § 727(a)(4)(A) and seeking to except the judgment debt from discharge under § 523(a)(2)(A), (a)(4), and (a)(6).

In February 2015, Boyce sought relief from the automatic stay for the

purpose of filing a motion in the state court to rescind the stipulated judgment. In support of the relief from stay motion, Boyce claimed rescission was proper because he did not freely enter into the stipulated judgment.[2] According to Boyce, his acceptance of the stipulated judgment was procured by fraud, mistake, menace, duress and undue influence. Boyce also claimed that he had valid defenses to Hamilton's causes of action. More specifically, he claimed that Hamilton later ratified his loan of the investment funds to BIN International and that she even attempted to solicit additional investments for BIN from her friends. He also asserted that his unilateral decision to invest the $727,539 in BIN International, without Hamilton's knowledge and consent, was consistent with the terms of the parties' joint venture agreements. Boyce's legal theories in support of his rescission motion all treated the stipulated judgment entered by the state court as if it were nothing more than a contract.

The bankruptcy court denied Boyce's relief from stay motion as unnecessary. According to the bankruptcy court, the automatic stay did not enjoin the debtor from filing the motion to rescind in the state court.

Thereafter, Boyce filed his motion to rescind in the state court. On

---

[2] Neither party has included the relief from stay motion and related documents in their excerpts of record. We have exercised our discretion to take judicial notice of these and other bankruptcy court documents not included in the parties' excerpts. *See Rivera v. Curry (In re Rivera)*, 517 B.R. 140, 143 n.2 (9th Cir. BAP 2014), *aff'd in part, appeal dismissed in part*, 675 F. App'x 781 (9th Cir. 2017).

May 15, 2015, the state court denied the motion based on the papers submitted. The state court found that Boyce failed to meet his burden of proof in multiple respects. First, it noted that Boyce had delayed seeking rescission of the stipulated judgment for well over two years. The state court found that Boyce's attempt to rescind the stipulated judgment was due to the very real prospect of a nondischargeability judgment rather than any sort of delayed discovery that he had been misled or coerced by Hamilton or her counsel.

Second, the state court rejected Boyce's arguments based on rescission of contracts. The court distinguished contracts from duly entered stipulated judgments. It explained that a final judgment is not a contract for rescission purposes, citing *Stevens v. Stevens*, 268 Cal. App. 2d 426 (1968).

And third, the state court pointed out that Boyce's motion had not invoked the court's inherent or equitable power to grant relief from a judgment improvidently entered based on extrinsic fraud. The state court stated that, even if it were to consider the motion as a request for the court to exercise its inherent or equitable powers, the motion still would be denied. According to the state court, Boyce had not demonstrated his diligence in seeking such relief. The court additionally found that Boyce had not shown that he had a meritorious defense to Hamilton's fraud and conversion claims. The state court pointed to a number of holes in Boyce's story regarding his intended use of the $727,539, his actual use of those

8

funds, and his failure to inform Hamilton regarding their actual use. The state court also found that Boyce was not credible and had failed to prove fraud, menace, undue influence, economic distress or mistake. Contrary to Boyce's account of his negotiations with Hamilton and her counsel, the state court found that Boyce was a sophisticated businessman, that he was "fully aware of what he was doing," and that he "voluntarily, and on his own accord, entered into the stipulation, for his own interests." Boyce did not appeal the state court's denial of his motion to rescind.

Meanwhile, Hamilton moved for summary judgment in the adversary proceeding. Hamilton contended that the issue preclusive effect of the stipulated judgment conclusively established the nondischargeability of the judgment debt under § 523(a)(2)(A), (a)(4) and (a)(6).

Boyce opposed the summary judgment motion. Boyce's opposition relied on the same allegations of fraud and coercion set forth in his state court rescission motion. According to Boyce, the stipulated judgment was not actually litigated because there had been no trial of the matters at issue and Hamilton procured his assent to the stipulated judgment by coercion and fraud.

The bankruptcy court held three hearings on the summary judgment motion. At the first two, the bankruptcy court did little more than defer ruling on the summary judgment motion until the state court had considered and ruled on the rescission motion. The third hearing on the

9

summary judgment motion took place on June 9, 2015. The bankruptcy court noted that the state court had considered and rejected Boyce's allegations of coercion and fraud. It further posited that there was no way around the state court's ruling on the rescission motion. On that basis, the bankruptcy court granted Hamilton's summary judgment motion.[3]

## D.  The First Appeal And Proceedings On Remand.

On appeal, Boyce challenged the bankruptcy court's application of issue preclusion to the stipulated judgment. We reversed and remanded. *Boyce v. Hamilton (In re Boyce)*, BAP No. CC–15–1220–TaKuKi, 2016 WL 6247612 (9th Cir. BAP Oct. 25, 2016) ("*Boyce I*").  *Boyce I* addressed all of the threshold elements for issue preclusion under California law.  We held that the stipulated judgment, which specifically admitted to a debt arising from fraud, satisfied all of these threshold elements for purposes of establishing a claim under § 523(a)(2)(A). But we also recognized that the bankruptcy court needed to consider whether fairness and the public policy considerations underlying the preclusion doctrine supported the preclusive effect of the stipulated judgment. We explained that the bankruptcy court did not properly consider the fairness and policy concerns in light of Boyce's allegations of coercion and fraud. We further explained that the

---

[3] On January 8, 2016, the bankruptcy court entered an order clarifying that summary judgment was granted only as to Hamilton's § 523(a)(2)(A) claim. The bankruptcy court also entered an order granting Hamilton's motion pursuant to Civil Rule 54(b) and entered final judgment on her § 523(a)(2)(A) claim.

bankruptcy court's reliance on the state court's denial of the motion to rescind, and on the state court's rejection of Boyce's coercion and fraud allegations, was misplaced because the state court's ruling violated the automatic stay. Hence, it was void. We ultimately concluded:

> Because the bankruptcy court improperly relied on a stay violative order in applying issue preclusion to the stipulated judgment, we reverse the bankruptcy court's grant of summary judgment in Hamilton's favor and remand for further proceedings consistent with this decision. Perhaps these particular circumstances warrant a retroactive annulment of the stay; we cannot and do not say. Instead, we leave it to the bankruptcy court to make appropriate determinations in light of our analysis.

*Boyce I,* 2016 WL 6247612 at \*5.[4]

On remand, the bankruptcy court granted Hamilton's motion to annul the stay.[5] The bankruptcy court then held a hearing on the remanded summary judgment proceedings. At this hearing, held on January 23, 2018, Boyce requested mediation, an opportunity to conduct discovery, and an opportunity for further briefing on his coercion and fraud theories. While counsel for Boyce repeatedly asked for discovery and supplemental

---

[4] In *Boyce I*, we noted that Boyce's fraud and coercion allegations in theory also could potentially affect the actually litigated element. But we held that these allegations most directly affected the fairness and public policy considerations. Ultimately, our reversal of the bankruptcy court's original summary judgment ruling hinged on the fairness and public policy considerations and not on the actually litigated element.

[5] Boyce did not appeal the order granting stay annulment.

11

briefing, he never explained why either was needed. The bankruptcy court rejected these requests.

According to the bankruptcy court, the Panel was concerned with the void state court order denying the rescission motion and the bankruptcy court's reliance on that order. As the bankruptcy court explained, now that it had resolved that concern by annulling the stay, there was no need to relitigate Hamilton's nondischargeability theories or Boyce's claims of coercion and fraud. The bankruptcy court acknowledged that the Panel also was concerned that the court previously did not consider whether fairness and public policy supported application of issue preclusion given Boyce's allegations. But the bankruptcy court concluded that it could conduct that analysis without further litigation or briefing. The court set the summary judgment motion for a continued hearing on March 6, 2018. The court said that it would review all of the relevant papers again but noted that it might issue a decision in advance of the continued hearing.

On February 7, 2018, the bankruptcy court entered its amended order granting summary judgment post remand. In the order, the bankruptcy court once again granted summary judgment on Hamilton's § 523(a)(2)(A) claim. The bankruptcy court quoted at length from the state court's denial of the motion to rescind. As to Boyce's claims that he believed Hamilton's counsel was also representing him in the negotiation of the stipulated judgment, the bankruptcy court found that the express language of the

stipulated judgment precluded that argument.

The bankruptcy court then considered fairness and the policies underlying the issue preclusion doctrine. The bankruptcy court held that the integrity of the judicial system, protection against vexatious litigation, and judicial economy all favored the application of issue preclusion. The court further determined that there was no compelling reason to relitigate any of the issues from the state court proceedings. The bankruptcy court pointed out that, in the state court, Boyce had filed, litigated, and lost his rescission motion. The court again entered summary judgment on Hamilton's §523(a)(2)(A) claim, concluding:

> The Judgment and the order denying the Motion to Rescind are entitled to full faith and credit by this Court. Issue preclusion is warranted and sound public policy is served by its application to this matter.

Amended Order Granting Summary Judgment Post Remand (Feb. 7, 2018) at 6:17-19.

Boyce timely appealed the bankruptcy court's amended summary judgment on remand.[6]

---

[6] In this appeal after remand, we issued an order raising the issue of finality. In response, Boyce sought and obtained a new order granting relief under Civil Rule 54(b) and entering final judgment on Hamilton's § 523(a)(2)(A) claim, thereby resolving the finality issue for purposes of this appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court commit reversible error when it granted summary judgment against Boyce based on the preclusive effect of the state court judgment?

## STANDARD OF REVIEW

We review de novo the bankruptcy court's grant of summary judgment. *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 461 (9th Cir. BAP 2015). We also review de novo the bankruptcy court's determination that issue preclusion is available. *Lopez v. Emerg. Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 103 (9th Cir. BAP 2007). When we review an issue de novo, "we consider [the] matter anew, as if no decision had been rendered previously." *Kashikar v. Turnstile Capital Mgmt., LLC (In re Kashikar)*, 567 B.R. 160, 164 (9th Cir. BAP 2017).

If we determine that issue preclusion is available, we then review the bankruptcy court's decision to apply it for an abuse of discretion. *In re Lopez*, 367 B.R. at 103. A bankruptcy court abuses its discretion if it applies the wrong legal standard or its findings of fact are illogical, implausible or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

14

## DISCUSSION

## A.    Summary Judgment and Issue Preclusion Standards.

In our prior decision, we set forth the basic standards governing summary judgment and issue preclusion; there is no need to restate them at length here. Instead, we need only highlight those factors directly implicated by Boyce's attempt to rescind the stipulated judgment.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, we must give state court judgments the same preclusive effect as the originating state would give them. *In re Lopez*, 367 B.R. at 105 & n.3. Under California law, findings are eligible for issue preclusion when:

> (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding.

*In re Plyam*, 530 B.R. at 462 (citing *Lucido v. Sup. Ct.*, 51 Cal. 3d 335, 341 (1990)).  In addition to these five threshold factors, courts must also consider a sixth element; whether under the circumstances of the particular case application of issue preclusion is fair and consistent with the policies underlying the doctrine. *Baldwin v. Kilpatrick (In re Baldwin)*, 249 F.3d 912, 919–20 (9th Cir. 2001); *In re Lopez*, 367 B.R. at 107-08; *see also* Christopher Klein et al., Principles of Preclusion & Estoppel in Bankruptcy Cases, 79

15

Am. Bankr. L. J. 839, 855 (2005).

The fairness and policy considerations are part of the bankruptcy court's exercise of its discretion in deciding whether it should apply issue preclusion in the particular case. *In re Lopez*, 367 B.R. at 107-08. More plainly stated, the bankruptcy court's final decision regarding the application of issue preclusion is always a matter of discretion. *Id.*

**B.      We Previously Decided that the Stipulated Judgment Met The Threshold Issue Preclusion Elements But Was Subject To The Fairness And Policy Considerations.**

In this current appeal, Boyce again challenges the threshold element of actual litigation. However, in *Boyce I,* we examined whether Hamilton's fraud claims were actually litigated by the stipulated judgment.  Noting that the stipulated judgment expressly provided that it was enforceable under CCP § 664.6, we concluded that "the stipulated judgment was an appropriate basis for a potential application of issue preclusion; it satisfied the 'actually litigated' requirement." *Boyce I*, 2016 WL 6247612, at *4.[7]

Our initial ruling in *Boyce I* is law of the case. The law of the case

---

[7] Citing *Cal. State Auto. Ass'n Inter–Ins. Bureau v. Super. Ct.*, 50 Cal. 3d 658, 664 & n.2 (1990), we held in *Boyce I* that a stipulated judgment can satisfy the actually litigated element for issue preclusion when the parties manifest their intent to be bound by the judgment in future actions. *Boyce I*, 2016 WL 6247612, at *3. And we also said that a party manifests its intent to bind itself to a liability finding typically by admitting to that liability in the stipulated judgment. *Id.* Based on the criteria set forth in *Cal. State Auto. Ass'n Inter–Ins. Bureau,* we noted that the stipulated judgment satisfied the "actually litigated" requirement. *Boyce I*, 2016 WL 6247612 at *4, 5 & n.7.

doctrine generally requires that prior decisions by the same or a higher court "be followed in all subsequent proceedings in the same case." *American Express Travel Related Serv. Co., Inc. v. Fraschilla (In re Fraschilla)*, 235 B.R. 449, 454 (9th Cir. BAP 1999), *aff'd*, 242 F.3d 381 (9th Cir. 2000). This doctrine is not mandatory, but earlier decisions should be followed "unless: (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Id*. at 454 (quoting *United States v. Garcia*, 77 F.3d 274, 276 (9th Cir. 1996)). None of these exceptions apply here. Rather, Boyce simply seeks to reargue the issue. The law of the case doctrine governs. Therefore, we will follow our prior holding from *Boyce I* that the stipulated judgment entered in the state court action was actually litigated.

Having already determined in *Boyce I* that the stipulated judgment **could** preclude relitigation of the fraud claim in the discharge action, the question we now must address is whether the bankruptcy court correctly exercised its discretion in determining that the stipulated judgment **should** preclude that relitigation. *See Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 831-32 (9th Cir. BAP 2006) (having concluded that issue preclusion was permissible, "the question becomes whether the court's actual choice to do so nevertheless was an abuse of discretion.")

17

## C. Fairness And Policy Considerations In Applying Issue Preclusion To The Discharge Action.

In *Boyce I,* we held that "[t]o the extent a California consent judgment was obtained by inappropriate coercion, a court applying issue preclusion must determine whether reliance on such a judgment appropriately furthers the public policy underlying the issue preclusion doctrine." *Boyce I*, 2016 WL 6247612, at * 5. We remanded because the bankruptcy court did not correctly consider whether fairness and policy considerations supported application of issue preclusion in this instance given its reliance upon the state court's void order denying Boyce's rescission motion.

On remand, the bankruptcy court resolved the stay violation by annulling the stay retroactively to validate entry of the state court's decision denying Boyce's motion to rescind, which decision Boyce did not appeal. As a result, the stipulated judgment continued to exist as a final judgment, entitled to full faith and credit in the discharge action. The specific effect of the state court's denial of the motion to rescind on Boyce's fraud and coercion allegations is less clear, but we need not resolve that issue here.[8] As a result of the denial of the motion to rescind the stipulated

---

[8] When relief from a judgment obtained through extrinsic fraud, mistake or accident is sought, and such equitable relief is sought and denied by motion, the denial of that motion ordinarily has no issue preclusive effect. *See Estudillo v. Security Loan etc. Co.*, 149 Cal. 556, 564 (1906); *Jeffords v. Young*, 98 Cal. App. 400, 406–407 (1929); *Groves v. Peterson*, 100 Cal. App. 4th 659, 667 (2002). The wording of the bankruptcy court's decision on remand makes it difficult to ascertain with certainty whether the

(continued...)

18

judgment still exists as a valid, final state court judgment entitled to full faith and credit. Boyce unsuccessfully attacked the stipulated judgment in the state court and apparently has abandoned any attempt to challenge the judgment in the court that entered it.[9]

On remand, the bankruptcy court duly considered the fairness and policy concerns underlying the issue preclusion doctrine. The California Supreme Court has instructed that, when considering application of issue preclusion, "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation - strongly influence whether its application in a particular circumstance would be fair to the parties and constitute sound judicial policy." *Lucido*, 51 Cal. 3d at 343; *see also Murray v. Alaska Airlines,*

---

[8](...continued)
bankruptcy court simply considered the state court's denial within its policy analysis or also applied issue preclusion to the state court's order on Boyce's motion to rescind. To the extent that it applied issue preclusion such application would, at worst, be harmless error because the bankruptcy court did not err in considering the state court's decision. And we must ignore harmless error. *Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 355 (9th Cir. BAP 2012), *aff'd*, 604 F. App'x 552 (9th Cir. 2015).

[9] Boyce repeatedly argues that he has been denied the opportunity to prove his allegations of fraud and coercion. We disagree. Moreover, Boyce still has, in theory, a right under California law to commence an independent action seeking relief from the judgment on equitable grounds. *See Estudillo*, 149 Cal. at 564; *Jeffords*, 98 Cal. App. At 406–407; *Groves*, 100 Cal. App. 4th at 667-68. We express no opinion as to the merits of such an action. His ability to bring an independent action, however, did not preclude the bankruptcy court from considering the state court's denial of the motion to rescind as part of its policy consideration.

*Inc.*, 50 Cal. 4th 860, 879 (2010) (policies underlying issue preclusion "include conserving judicial resources and promoting judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system, and avoiding the harassment of parties through repeated litigation."). The bankruptcy court specifically acknowledged these policy considerations and found that "[t]hese factors weigh in favor of applying issue preclusion here." The court further explained:

> There is no compelling reason to re-litigate the issues that were raised in state court (both as to the Judgment and as to the Motion to Rescind). It would result in unnecessary expense, expenditure of duplicative judicial resources, and create the real danger of inconsistent results.

As part of its fairness and policy analysis, the bankruptcy court duly considered Boyce's fraud and coercion charges. The bankruptcy court was aware that Boyce chose to pursue those allegations in the state court, that the state court denied Boyce's motion to rescind, and that he never appealed that adverse decision.

The bankruptcy court was entitled to consider this history when weighing the fairness and policy concerns underlying the issue preclusion doctrine. The bankruptcy court also independently examined and rejected Boyce's argument that Hamilton's counsel misled him to believe that she was personally representing him in drafting the stipulated judgment.

Finally, the bankruptcy court evaluated the fairness and policy concerns in light of all of the surrounding circumstances of the case. The record supports the bankruptcy court's reasoning that application of issue preclusion was fair and consistent with the policies underlying the doctrine. Furthermore, there is nothing illogical or implausible regarding the bankruptcy court's decision to apply issue preclusion to the stipulated judgment under these circumstances. In sum, the bankruptcy court did not abuse its discretion when it applied issue preclusion to the stipulated judgment to bar relitigation of Boyce's fraud.

**D.     Stipulated Judgment as a Prepetition Waiver of Discharge.**

In his only other argument on appeal, Boyce contends that the stipulated judgment constituted an unenforceable prepetition waiver of his discharge. Boyce cites two Ninth Circuit decisions in support of the proposition that prepetition waivers of the debtor's discharge are unenforceable because they are inconsistent with public policy and the Bankruptcy Code. *See Cont'l Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 671 F.3d 1011, 1026 (9th Cir. 2012); *Bank of China v. Huang (In re Huang)*, 275 F.3d 1173, 1177 (9th Cir. 2002). We agree that such waivers are unenforceable. *See Hayhoe v. Cole (In re Cole)*, 226 B.R. 647, 651–52 & n. 7 (9th Cir. BAP 1998).

Here, however, Boyce did not waive his discharge but rather stipulated to the underlying facts that support nondischargeability of his

21

debt under § 523(a)(2)(A). When a defendant stipulates to judgment, and in the process admits to liability on grounds that would qualify as nondischargeable in bankruptcy, such admissions typically are given preclusive effect in a subsequent nondischargeability proceeding. *Johnson v. W3 Inv. Partners (In re Johnson)*, BAP No. SC–17–1194–LBF, 2018 WL 1803002, *6 (9th Cir. BAP Apr. 16, 2018) (citing *In re Cole*, 226 B.R. at 655). In other words, such stipulated judgments ordinarily are not treated as if they were mere prepetition waivers of the discharge. *Id.* at *6-8.

In *Wank v. Gordon (In re Wank)*, 505 B.R. 878, 890-91 (9th Cir. BAP 2014), we recognized a narrow exception to this rule where the evidence established that the **sole** purpose of the admissions was to render the debt nondischargeable in any subsequent bankruptcy and where the admissions were not included in the stipulated judgment itself. *Id.*; *see also In re Johnson*, 2018 WL 1803002, at *6-7 (citing *Wank*). But Boyce's admission does not meet the requirements of the narrow *Wank* exception. He agreed to include language in the stipulated judgment stating that he made misrepresentations to Hamilton which resulted in her loss. He also agreed to language stating that he was liable on grounds of both fraud and conversion for Hamilton's loss. Hamilton's complaint stated a garden-variety cause of action for fraud alleging all the essential elements for a fraud claim. Boyce has not argued otherwise. Furthermore, Boyce has admitted that he understood at the time he entered into the stipulated

judgment that it later could be used to preclude him from discharging the judgment debt. Under these circumstances, Boyce's waiver of discharge argument lacks merit.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's summary judgment in favor of Hamilton.