**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>SARAH MARGARET TAYLOR,<br>　　　　　Debtor. | BAP No. HI-18-1197-GBS |
| | Bk. No. 1:16-bk-1101-RJH |
| SARAH MARGARET TAYLOR,<br>　　　　　Appellant,<br>v.<br>U.S. BANK, NATIONAL ASSOCIATION;<br>DEPARTMENT OF TAXATION, STATE<br>OF HAWAII; ELIZABETH A. KANE,<br>Trustee; SUSAN LEE FENTON;<br>CHRISTIAN FENTON; DAVID E.<br>MCALLISTER,<br>　　　　　Appellees. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the District of Hawaii
Robert J. Faris, Chief Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

Chapter 7[1] debtor Sarah Taylor ("Debtor") appeals the bankruptcy court's order approving a settlement between the chapter 7 trustee, Elizabeth A. Kane (the "Trustee"), and the Hawaii State Department of Taxation, Hawaii State Judiciary, Hawaii State Public Utilities Commission, and Hawaii State Bureau of Conveyances, Department of Land Natural Resources (together the "State Parties"). The settlement provided for the release of claims asserted by Debtor against the State Parties and for the withdrawal of proofs of claim filed by the Department of Taxation against the estate.

Debtor offers no argument why the bankruptcy court abused its discretion in approving the settlement, and we discern no error. Accordingly, we AFFIRM.

## FACTS[2]

In July 2014, creditor U.S. Bank, N.A. ("US Bank") filed an action against Debtor in Hawaii state court (the "Foreclosure Action") seeking to foreclose the mortgage on Debtor's residential property (the "Property"). In

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] We exercise our discretion to review the bankruptcy court's docket and relevant proceedings. *See Rivera v. Curry (In re Rivera)*, 517 B.R. 140, 143 n.2 (9th Cir. BAP 2014), *aff'd in part & dismissed in part*, 675 F. App'x 781 (9th Cir. 2017).

the Foreclosure Action, Debtor filed a counter-complaint against US Bank, and a cross-complaint for various claims against the State Parties and other defendants.[3] Debtor did not serve the cross-complaint on the State Parties, and eventually it was dismissed. In July 2015, Debtor filed suit in the district court, asserting the same causes of action against the State Parties, US Bank, and other defendants. The district court dismissed Debtor's complaint in September 2016.

In October 2016, Debtor filed a chapter 13 petition. After the bankruptcy court denied confirmation of Debtor's chapter 13 plan, she voluntarily converted the case to chapter 7, and the Trustee was appointed.

In April 2019, the Trustee filed a motion seeking approval to settle estate claims against US Bank (the "US Bank Settlement"). The US Bank Settlement provided that the Trustee would sell the Property, pay the estate $50,000, and pay the remaining proceeds to US Bank in satisfaction of its secured claim. The parties agreed to dismiss the Foreclosure Action

---

[3] Debtor asserted claims for: (1) Disability Discrimination; (2) Torture; (3) Conspiracy to Torture to Take Home & Employment; (4) Violations of Hawaii Rules of Professional Conduct 'Candor'; (5) Violation of Foreclosure Mediation Laws; (6) Deception on Courts; (7) Storm Policy Fraud; (8) Failure of Hawaii Courts, State and County of Hawaii, and Mayor to Preserve Federal ADAA, FHA, EEOC, EECC, & Many Federal and State Laws; (9) Failure to Provide Equal Access to Federal Courts & Protections Giving No Way for Timely Filing; (10) Violation of Rights to Rehab and Employment; (11) Robotic Loan Servicing in Violation of ADAA rights; (12) Fraud on Bureau of Conveyances; (13) Deceptive: Lending, Servicing, Accounting, Loan Modification violation of US Constitution; (14) Failure to Provide Law Enforcement of Bureau of Conveyances; and (15) Violation of the US Constitution.

and release all claims. After a hearing on the motion, the bankruptcy court approved the US Bank Settlement over Debtor's objection. Debtor did not appeal.

The Trustee then filed a motion to approve a separate settlement with the State Parties (the "State Parties Settlement"). The State Parties Settlement provided for the estate to release all claims against the State Parties and for the Department of Taxation to withdraw its proofs of claim against the estate without prejudice to its right to assert non-discharged claims against Debtor or to collect on such claims outside of bankruptcy.[4] The Trustee stated that she believed the estate's claims against the State Parties were frivolous. She argued that the settlement was fair and equitable, and in the best interests of the estate.

In July 2018, the bankruptcy court conducted a hearing on the Trustee's motion to approve the State Parties Settlement. Debtor argued that she was discriminated against by the State Parties and the Trustee, and requested additional time to respond to the motion and to appeal. The bankruptcy court reasoned that additional time would not change the fact that the settlement provided a tremendous benefit to the estate. The court considered the factors listed in *Martin v. Kane (In re A & C Properties)*, 784

---

[4] The Department of Taxation filed two proofs of claim against the estate for unknown income, general excise, and transient accommodations taxes for several years in which Debtor failed to file returns.

F.2d 1377 (9th Cir. 1986) and approved the settlement. The court entered an order granting the Trustee's motion and Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by approving the settlement between the Trustee and the State Parties?

## STANDARD OF REVIEW

We review an order approving a compromise for abuse of discretion. *Goodwin v. Mickey Thompson Entm't Grp., Inc. (In re Mickey Thompson Entm't Grp., Inc.)*, 292 B.R. 415, 420 (9th Cir. BAP 2003).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

Pursuant to Rule 9019, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The bankruptcy court can approve a settlement only if it is "fair and equitable,"

and "reasonable, given the particular circumstances of the case." *In re A & C Props.*, 784 F.2d at 1381 (citations omitted). The bankruptcy court is not required to conduct a mini trial on the merits of the claims. *United States v. Alaska Nat'l Bank of the N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). In deciding whether a settlement is fair and equitable, the court must consider:

> (a) The probability of success in the litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Props.*, 784 F.2d at 1381. These factors "should be considered as a whole to determine whether the settlement compares favorably with the expected rewards of litigation." *Greif & Co. v. Shapiro (In re W. Funding, Inc.)*, 550 B.R. 841, 851 (9th Cir. BAP 2016).

On appeal, Debtor does not provide any argument relevant to the bankruptcy court's approval of the State Parties Settlement. Instead she argues the merits of her claims against US Bank. Those claims became property of the estate upon Debtor's bankruptcy filing and they were settled by the Trustee in the US Bank Settlement. Debtor did not appeal the

6

order approving the US Bank Settlement and we therefore lack jurisdiction to review it. *See Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 107 (9th Cir. BAP 2018) ("the 14-day time deadline in Rule 8002(a) is a jurisdictional requirement that acts as an immutable constraint on our authority to consider and hear appeals").

With regard to the State Parties Settlement, the bankruptcy court correctly applied the *A & C Properties* factors and determined that (1) the estate would be unlikely to prevail on the claims, (2) litigation would be expensive, and (3) creditors would benefit from the Tax Department's withdrawal of claims. Although Debtor might indirectly benefit from allowance of non-dischargeable tax claims, withdrawal of those claims is clearly in the "paramount interest of the creditors." *In re A & C Props.* 784 F.2d at 1381. The court did not abuse its discretion in approving the State Parties Settlement.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order approving the State Parties Settlement.